39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry A. JENKINS and Larry B. Kuns, Plaintiffs-Appellants,
v.
GREEN BAY PACKAGING, INC.; Green Bay packaging, Inc., as
successor of Southwest Packaging, Inc.; Green Bay
Packaging, Inc., as Administrator for the Retirement Plan
for Office and Salaried Employees of Green Bay Packaging,
Inc. and Subsidiaries; the Retirement Plan for Office and
Salaried Employees of Green Bay Packaging, Inc. and
Subsidiaries; Defendants-Appellees.
Lewis L. NARWOLD; and E. D. HAMILTON, Defendants.
 No. 93-5038.
 United States Court of Appeals, Tenth Circuit.
 Nov. 7, 1994.
 
 ORDER AND JUDGMENT[1]
 Before KELLY and McKAY, Circuit Judges, and ROGERS,[2] District Judge.
 This is an appeal from a federal district court's Order denying Plaintiffs' motions for summary judgment and attorney's fees. Prior to 1987, Plaintiffs were employees of South West Packaging Inc. ("South West"), a subsidiary of Defendant Green Bay Packaging Inc. ("Green Bay"). On March 1, 1987, South West merged into Green Bay, and accordingly, Plaintiffs became employees of Green Bay. As such, Plaintiffs were covered by Green Bay's pre-existing pension plan from the date of merger until their employment with Green Bay terminated. After leaving Green Bay, Plaintiffs sought pension benefits from the company for the post-merger period when they were covered by the Green Bay plan.[3] Green Bay initially refused to provide pension benefits for this period. After eight months of litigation, Green Bay finally admitted that Plaintiffs were entitled to benefits for their post-merger years with the company, and Plaintiffs promptly moved for summary judgment and an award of attorney's fees under ERISA. In its response to the Plaintiffs' motion for summary judgment, Green Bay once again admitted that it was liable for pension benefits for Plaintiffs' post-merger years of employment with the company.
 Despite Green Bay's admission, the district court refused to grant summary judgment in favor of Plaintiffs on this issue. Instead, the district court was apparently satisfied that Green Bay would, without court supervision, fulfill its promise to Plaintiffs to provide them with the appropriate remedy. Plaintiffs are concerned that the district court's failure to grant summary judgment in their favor, and thereby clearly signify that they were the "prevailing party," may disturb their ability to obtain attorney's fees. Because both parties agree that Green Bay is liable for the post-merger benefits, which leaves no genuine issue of material fact to be resolved, we hold that the district court erred in not granting Plaintiffs' motion for summary judgment, and we therefore grant summary judgment in favor of Plaintiffs on this issue.
 Next, we turn to the question of attorney's fees. Plaintiffs argue that they are entitled to attorney's fees from Green Bay because Green Bay forced them to litigate an issue for which it was clearly liable and for which it had no colorable defense. A court should consider five factors in determining whether an award of attorney's fees is appropriate under ERISA:
 (1) the degree of the opposing parties' culpability or bad faith;
 (2) the ability of the opposing parties to personally satisfy an award of attorney's fees;
 (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances;
 (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and
 (5) the relative merits of the parties' positions.
 Pratt v. Petroleum Prod. Management Employee Sav. Plan and Trust, 920 F.2d 651, 664 (10th Cir.1990) (construing 1132(g) of ERISA).
 Section 1132(g) of ERISA, the section dealing with attorney's fees, has been broadly construed to effectuate congressional intent. As the Eighth Circuit has held:
 Section 1132(g), like the rest of ERISA, is remedial legislation that should be construed liberally in favor of those persons it was meant to benefit and protect, namely, participants in and beneficiaries under covered pension and welfare plans; persons, in short, like appellees, who are specifically permitted by 1132(a) and (f) to sue in the federal courts to enforce their rights under their pension plans. Like the provisions authorizing attorney's fees awards under other federal remedial legislation, 1132(g) should be read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under 1132 to enforce his rights under his plan, "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."
 Landro v. Glendenning Motorways, Inc., 625 F.2d 1344, 1356 (8th Cir.1980) (quoting Newman v. Piggie Park Enters, Inc., 390 U.S. 400, 402 (1968)).
 We do not believe that any special circumstances exist which would make an award of attorney's fees unjust. Plaintiffs were the prevailing party. Even though it was clear that Green Bay was liable for the post-merger benefits, it forced Plaintiffs to undergo eight months of litigation before it finally conceded liability on this issue. If we were to deny attorney's fees to Plaintiffs, Green Bay in the future could deny benefits to all of its employees, and then ultimately grant benefits only to those who would be willing to spend money to enforce their rights. Accordingly, the judgment of the district court is reversed and the case is remanded for a computation of attorney's fees.
 REVERSED and REMANDED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Richard D. Rogers, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 [3]
 Plaintiffs also sought pre-merger benefits for their period of employment with Green Bay's subsidiary, South West. The issue of pre-merger benefits is dealt with in Lohmann v. Green Bay Packaging, Nos. 93-5037 and 94-5068 (10th Cir.1994) (unpublished disposition), filed simultaneously herewith